The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner George Glenn, II, and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission adopts and affirms the Opinion and Award of the Deputy Commissioner, as follows.
 ***********
The Full Commission finds as facts and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. All the parties are properly before the Industrial Commission, the Industrial Commission has jurisdiction over the parties and this claim, and this claim is subject to the Workers' Compensation Act.
2. An employer-employee relationship existed between the defendant employer and the plaintiff employee at the time of the alleged injury.
3. The Employer was a duly qualified self-insurer at the time of the alleged injury.
4. Plaintiff's average weekly wage at the time of the alleged injuries was $206.30, which yields a compensation rate of $137.54.
5. The parties agree that plaintiff was out of work from 14 March 1995 through 22 December 1995, and this is the only period of concern as to this hearing and any other period of disability will be addressed at a later time.
6. The issues to be determined from this hearing are as follows:
 a. Whether plaintiff sustained an injury by accident on 14 March 1995, while in the course and scope of her employment with defendant-employer.
b. If so, to what benefits is she entitled?
 ***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
 FINDINGS OF FACT
1. Plaintiff was forty-one years old at the time of this hearing.
2. Prior to starting to work for defendant, plaintiff had worked as a kitchen attendant, in a deli and as a dental assistant.
3. On or about 14 March 1995, plaintiff had gone into the walk-in cooler at work and as she was coming out, the cooler struck the outside of her left ankle on a dolly sitting beside the door of the cooler. Plaintiff continued to work after this incident although she was in pain and her ankle was numb.
4. On the date of her injury, plaintiff was seen and treated at the Doctor's Urgent Care Center. They noted that plaintiff had suffered direct trauma to the side of her left foot and experienced numbness and swelling. Plaintiff's condition was diagnosed as a bruised ankle.
5. Plaintiff continued to have problems with her ankle and she was seen and treated by the Veterans Hospital in Durham, North Carolina, on or about 24 March 1995. Plaintiff's condition did not improve and she was thereafter seen by Dr. Theodore Pitts on 29 March 1995.
6. Dr. Pitts diagnosed plaintiff's condition as severe contusion of the left distal leg and ankle, he treated her with medication, a brace and crutches. Prior to plaintiff seeing Dr. Pitts she had missed four days from work due to her injury. Dr. Pitts took plaintiff out of work from 29 March 1995 through 25 April 1995. Plaintiff was taken out of work again on 11 May 1995 through 11 June 1995. Dr. Pitts saw plaintiff on 9 June, 23 June, 31 August, and 28 September 1995, but he did not authorize her to be out of work for any additional periods of time.
7. Plaintiff failed to respond to the treatment plan of Dr. Pitts, he thought that she may have reflex sympathetic dystrophy or some other pain syndrome and he referred her to Dr. Reginald Lawrence Hall. Dr. Hall first saw plaintiff on or about 10 October 1995.
8. Dr. Hall diagnosed plaintiff condition as sinus tarsi pain. His examination revealed that plaintiff was limping, experiencing left ankle pain with maximal tenderness over the ligament on the small toe side of the ankle joint. Dr. Hall was of the opinion that plaintiff's condition was a direct result of her injury of 14 March 1995. Dr. Hall initially told plaintiff that he thought her condition was slowly improving and it may easily take a year for it to heal. He did not want to do more than recommend nerve conduction studies and give her a TENS unit along with pain medication for relief.
9. Dr. Pitts released plaintiff to return to light duty on 4 December 1995, which included four hours per day and no standing or walking. Defendants did not allow plaintiff to return to work under those restrictions as of December 1995.
10. Plaintiff next saw Dr. Hall on 30 July 1996, and she was complaining of continued pain in her left ankle and that she had been unable to return to work due to the pain. Plaintiff's condition did not improve and Dr. Hall performed an ankle arthroscopy and found plaintiff was suffering from a thickening of the synovium. Dr. Hall indicated that plaintiff would not have been able to work in any position for the first six weeks following the surgery, that she may have been able to return to work to a sit down position after 13 November 1995, but it depended on the job assigned, and whether she would be sitting all day with her foot in a down position which may cause plaintiff to be in so much pain that she would be unable to work. Dr. Hall indicated that plaintiff would have the same limitations on 18 December 1996.
11. The insurance company appealed this case to the Full Commission and the insurer was ordered to make or continue payments of benefits, giving rise to counsel fees under N.C. Gen. Stat. § 97-88. The Full Commission determines reasonable fees to plaintiff's counsel for this appeal to be $1,200.00.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by accident on 14 March 1995, while in the course and scope of her employment with defendant-employer and this accident is the direct cause of her disability.
2. As a result of her injury by accident on 14 March 1995, plaintiff was temporarily totally disabled from 24 March 1995 through 22 December 1995, for which she is entitled to compensation at the rate of $137.54 per week.
3. Defendants are obligated to pay all medical expenses incurred or which will be incurred as a result of plaintiff's compensable injury that may cure or give relief or tend to lessen plaintiff's disability.
4. Plaintiff's average weekly wage on 14 March 1995, was $206.30 per week.
5. The insurance company appealed this case to the Full Commission and the insurer was ordered to make or continue payments of benefits, giving rise to counsel fees under N.C. Gen. Stat. § 97-88.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Subject to attorney's fees hereinafter awarded, defendant shall pay to plaintiff temporary total disability benefits at the rate of $137.54 per week for the period from 24 March 1995 through 22 December 1995. All accrued compensation shall be paid in one lump sum.
2. Defendant shall pay for all medical expenses incurred or to be incurred by plaintiff as a result of her compensable injury when bills for same have been submitted to and approved by the Industrial Commission, for so long as such evaluations, treatments and examinations may reasonably be required to effect a cure, give relief and/or lessen plaintiff's period of disability.
3. An attorney's fee of twenty-five percent (25%) of the compensation due plaintiff herein is hereby awarded to plaintiff's counsel and shall be paid as follows: twenty-five percent (25%) of the lump sum amount due plaintiff shall be deducted and paid directly to plaintiff's attorney.
4. It shall be reserved for future determination whether plaintiff is entitled to any additional benefits beyond 22 December 1995.
5. Defendants shall pay the costs of this action, including reasonable attorney's fees of $1,200.00 to plaintiff's counsel pursuant to N.C. Gen. Stat. § 97-88.
This the 11th day of June 1998.
 S/ _______________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ___________________ DIANNE C. SELLERS COMMISSIONER
S/ ___________________ BERNADINE S. BALLANCE COMMISSIONER
TJB/cnp/db